## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

AUTOMATION GUARDING
SYSTEMS, LLC, a Michigan Limited
Liability Company,

Case No.:

Hon.:

*Plaintiff*

v.

**DEMAND FOR JURY TRIAL**

ROBO-FENCE LLC, f/k/a STEEL-
GUARD    COMPANY,    LLC,    a
Michigan  limited  liability  company,
SQUARE GROUP, LLC, a Michigan
limited liability company; EVIS KOLA,
GENC KOLA, SARAH KOLA, ANDI
PAPA,  and  ALSENJA  PAPA,  all
individual  residents  of  the  State  of
Michigan,

*Defendants.*

_____

**Jeffrey P. Thennisch (P51499)**
Thennisch Law Group, PC
7111 Dixie Highway #210
Clarkston, MI  48346
(810) 610-5640
jeff@musicrightslaw.com
*Attorneys for Plaintiff*

_____

### COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501 AND VIOLATION OF THE MICHIGAN UNIFORM VOIDABLE TRANSACTIONS ACT UNDER MCL §566.31-566.45 WITH DEMAND FOR JURY TRIAL

Plaintiff, Automation Guardian Systems LLC ("AGS"), by and through its undersigned counsel, for its Complaint against Defendants, Robo-Fence LLC f/k/a Steel-Guard Company, LLC ("ROBO"), Square Group, LLC ("SG"), both limited liability companies existing under the laws of the State of Michigan, and individual Defendants Evis Kola, Genc Kola, Sarah Kola, Alsenja Papa, and Andi Papa, all individual residents of the State of Michigan for Federal Copyright Infringement under Section 501 of the U.S. Copyright (17 U.S.C. §501) and for violations of the Michigan Uniform Voidable Transactions Act (MCL §566.31 et seq.) (hereinafter "UFTA"), hereby alleges as follows:

## NATURE OF THE ACTION

This is a civil action arising under the Copyright Laws of the United States, Title 17, United States Code, for copyright infringement relating to content, designs, and technical drawings comprising a product catalog for industrial and robotic fencing barriers and equipment currently being used by Defendants SG, Evis Kola, Genc Kola, and Andi Papa, as part of issued U.S. Copyright VAu001338520 for a work of the visual arts entitled: "Steel Guard Company, LLC Catalog" (hereinafter "the '520 copyright" at Exhibit A), created in 2017, which is an unlawful copy and/or unlawful derivative work of the pre-existing and prior AGS catalog used at least as early 2009, more commonly known as the "Automation Guarding Systems Product Catalog."

Upon information and belief, the '520 copyright was created and prepared in 2017 when each of Defendants Evis Kola and Andi Papa, the two (2) named "authors" of the '520 copyright at Exhibit A where both statutory and W-2 employees of AGS at the precise time of the putative authorship and creation of the '520 copyright in 2017, thereby rendering the '520 copyright material a "work for hire" owned by their then employer AGS under at least Section 201 of the U.S. Copyright Act. Thereafter, Defendants Evis Kola and Andi Papa unlawfully allowed the '520 copyright material and catalog to be used for the economic benefit of Defendants SG and Genc Kola, who formed Defendant SG on or about August 29, 2022 at Exhibit B.

## THE PARTIES

1.      Plaintiff AGS is a Michigan limited liability company located and existing within this judicial district and having a principal place of business located at 6624 Burroughs Avenue in Sterling Heights, Michigan 48314.

2.      Defendant ROBO is a Michigan limited liability located and existing within this judicial district and listing Defendant Evis Kola as the Registered Agent at an address of 33646 Lipke Street in Clinton Township, Michigan 48035.

3.      Defendant SG is a Michigan limited liability company located and existing within this judicial district and listing Defendant Genc Kola as the Registered Agent at an address of 50570 Russell Schmidt Blvd in Chesterfield, Michigan 48051.

4.      Defendant Evis Kola is an individual resident of the State of Michigan residing within this judicial district at an address believed to be 7175 Reber Dr. in Shelby Township, Michigan 48317.

5.       Defendant Genc Kola is an individual resident of the State of Michigan residing within this judicial district at an address believed to be 7175 Reber Dr. in Shelby Township, Michigan 48317.

6.      Defendant Sarah Kola is an individual resident of the State of Michigan residing within this judicial district at an address believed to be 7175 Reber Dr. in Shelby Township, Michigan 48317.

7.      Defendant Alsenja Papa is an individual resident of the State of Michigan residing within this judicial district at an address believed to be 5863 Juliann Ct. in Washington, Michigan 48094.

8.      Defendant Andi Papa is an individual resident of the State of Michigan residing within this judicial district at an address believed to be 5863 Juliann Ct. in Washington, Michigan 48094.

## JURISDICTION, VENUE, AND PROCEDURAL MATTERS

9.  This action arises under the Copyright Laws of the United States of America, 17 U.S.C. §101 et seq. and the laws of the State of Michigan. This Court has exclusive federal jurisdiction over the subject matter of his action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as supplemental jurisdiction over the UFTA claims alleged under the laws of the State of Michigan pursuant

to 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over each of the Defendants because each of the Defendants is/are present and/or reside within this judicial district, have specific contacts with the State of Michigan, and the aforementioned activities and infringing conduct have transpired within this judicial district and Defendants has intentionally and purposefully availed itself to the forum.

11. Venue is proper in this District under 28 U.S.C. §1391(b) and 28 U.S.C. §1400 because a substantial part of the events or omissions giving rise to this action have occurred and/or will occur within this judicial district, and under 28 U.S.C. §1400(b) in that it is a judicial district where the Defendants have committed acts of copyright infringement and has a regular and established place of business.

## BACKGROUND & FACTUAL ALLEGATIONS

12. Plaintiff AGS is a manufacturer, distributor, and seller of steel fencing products and related modular systems supplied and installed within third-party manufacturing facilities, which themselves house and utilize robotic equipment used in the manufacture and production of a wide array of automotive and other industrial applications and products with a principal place of business located at 6624 Burroughs Avenue in Sterling Heights, Michigan 48314.

13.  AGS is the exclusive owner in the United States and elsewhere for the copyrighted materials, designs, intellectual property, and product configurations associated with AGS-branded products.

14.  AGS was the first party to author and create certain designs, and technical drawings authored and created by AGS at least as early 2009, more commonly known as the "Automation Guarding Systems Product Catalog" registered before the U.S. Copyright Office as issued U.S. Copyright VA 2-219-608 (hereinafter "the AGS '608 copyright").

15.  On information and belief, Defendant ROBO is a Michigan Limited Liability Company, existing within this judicial district and formed on August 3, 2017 by two separate Michigan residents, also residing within this judicial district, Defendants Evis Kola and Andi Papa.

16.  On information and belief, Defendants Evis Kola and Andi Papa took action to list themselves as the named individuals having "Authorship on Application" which resulted in the issuance of the '520 copyright at Exhibit A hereto.

17.  On information and belief, the '520 copyright at Exhibit A hereto also recites and states that the "Date of Creation" of the "Steel Guard Company, LLC Catalog" was in 2017

18.    On information and belief, Defendant Evis Kola was employed, as a direct employee of AGS, from May 29, 2012 through January 19, 2018, including the precise 2017 timeframe when the '520 copyright states it was created.

19.    On information and belief, Defendant Evis Kola was an employee of AGS, subject to employment withholding taxes and not an independent contractor for, or with, AGS.

20.    On information and belief, Defendant Andi Papa was employed, as a direct employee of AGS, from June 3, 2002 through January 19, 2018.

21.    On information and belief, from at least June 3, 2002 through January 19, 2018, Defendant Andi Papa was an employee of AGS, subject to employment withholding taxes and not an independent contractor for, or with, AGS.

22. During the course of their employment with AGS through January 19, 2018, Defendants Evis Kola and Andi Papa embezzled in excess of $900,000 from their employer, Plaintiff AGS.

23.  After absconding with more than $900,000 of AGS property, which they sold and collected payment for, the Defendants Andi Papa and Evis Kola formed Defendant ROBO, using funds derived from their embezzlement of AGS assets.

24. On information and belief, Defendant ROBO is a Michigan Limited Liability Company formed by KOLA and PAPA on August 3, 2017, existing and located within this judicial district.

25.  On information and belief, Defendants Evis Kola and Andi Papa formed Defendant ROBO on August 3, 2017, during the course and term of their respective employment with Plaintiff AGS.

26. On information and belief, Defendants Evis Kola and Andi Papa formed Defendant ROBO on August 3, 2017, without the knowledge of Plaintiff AGS.

27. On information and belief, the primary line of business of Defendant ROBO is also the sale of steel fencing products and related modular systems supplied and installed within third-party manufacturing facilities, which themselves house and utilize robotic equipment used in the manufacture and production of a wide array of automotive and other industrial applications and products.

## ALTER EGO - PIERCING THE CORPORATE VEIL/INDIVIDUAL LIABILITY OF DEFENDANTS ANDI PAPA AND EVIS KOLA

28. AGS filed suit against the Defendants ROBO, Evis Kola, and Andi Papa and Evis Kola, alleging they have embezzled and converted from their former employer, AGS, and for violations of the U.S. Copyright Act (Case No. 2:21-cv-10221-TGB-APP).

29. Just seven (7) days after the court granted AGS's Motion for Partial Summary Judgment against Defendants Andi Papa and Evis Kola in Case No. 2:21-cv-10221-TGB-RSW on August 22, 2022, Evis Kola and Andi Papa formed the new entity Square Group, LLC on August 29, 2022 at

Exhibit B (i.e. Defendant SG), using Evis Kola's husband, Genc Kola as a "strawman" owner.

30. The sham entity Defendant SG's initial business address was the Defendant Andi Papa's house.

31. Thereafter, Defendants Andi Papa and Evis Kola transferred the assets of Defendant ROBO to Defendant SG and Defendant Genc Kola, as well as personal assets and real estate located within this judicial district to respective Papa and Kola family members (i.e. Defendant Alsenja Papa and Defendant Sarah Kola) intending to defeat AGS's attempts to collect upon an inevitable judgement against the Defendants Andi Papa, Evis Kola, and/or ROBO.

32. Upon information and belief, Defendant SG is not a properly organized limited liability company but instead is a mere instrumentality of Defendants Andi Papa and Evis Kola.

33. By March 1, 2023, Michigan corporate records indicated that Defendant ROBO was no longer an active company in good standing, evidencing the Defendants Andi Papa's and Evis Kola's intent to abandon Defendant ROBO as a shell entity in favor of Defendant SG formed by Defendant Genc Kola, the spouse of Defendant Evis Kola.

34. In furtherance of the scheme, Defendant ROBO's website as well as the product catalog previously used by Defendant ROBO corresponding to the '520 copyright, were simply relabeled as "Square Group" documents, containing the same stolen copyright designs taken from AGS, subject to a pending copyright infringement lawsuit in Case No. 2:21-cv-10221-TGB-APP.

35. Defendants Andi Papa and Evis Kola exercise such degree of control and influence over Defendant SG and is so complete that Defendant SG has no separate mind, will, or existence of its own.

36. Defendants Andi Papa' and Evis Kola's control over Defendant Square Group was exercised and is being exercised in such a manner as to commit fraud and an illegal act against Plaintiff AGS.

37. AGS has suffered and will continue to suffer an injury or unjust loss as a result of Andi Papa's and Evis Kola's control over Defendant SG as described herein.

38. Upon information and belief, Defendant SQ is a mere alter ego of the Defendants Andi Papa and Evis Kola.

39. Upon information and belief, Defendants Andi Papa and Evis Kola continue to exercise control over Defendant SG in a manner intended to commit fraud upon AGS, as a creditor.

40. Upon information and belief, Defendants Andi Papa's and Evis Kola's control over Defendant SG is so complete that the company is and continues to be a mere alter ego of the Defendants Andi Papa and Evis Kola.

41. For the reasons above, this honorable Court should enter judgment holding that Defendant Square Group, LLC is a sham entity and the alter ego of Defendants Andi Papa and Evis Kola, and thus equally liable to AGS for damages caused by the actions of Defendants Andi Papa and Evis Kola.

42. Further, AGS respectfully requests that this honorable Court impose a constructive trust over Defendant Square Group, LLC and appoint a receiver to prevent further fraudulent conduct by the Defendants ROBO, Andi Papa, and Evis Kola.

## ALTER EGO - PIERCING THE CORPORATE VEIL/ LIABILITY OF SQUARE GROUP, LLC

43. Upon information and belief, Defendants Andi Papa and Evis Kola embezzled in excess of $900,000 from their employer, Plaintiff AGS.

44. After absconding with more than $900,000 of AGS property, which they sold and collected payment for, the Defendants Andi Papa and Evis Kola

formed Defendant ROBO, using funds derived from their embezzlement of AGS assets.

45. AGS filed suit against the Defendants Andi Papa, Evis Kola, and ROBO alleging they have embezzled and converted from their former employer, AGS (Case No. 2:21-cv-10221-TGB-APP).

46. Just seven (7) days after the court granted AGS's Motion for Partial Summary Judgment against Defendants Andi Papa and Evis Kola in Case No. 2:21-cv-10221-TGB-RSW on August 22, 2022, Defendants Evis Kola and Andi Papa formed the new entity Defendant SG, using Evis Kola's husband, Genc Kola as a "strawman" owner.  See Exhibit B.

47. The sham entity, Defendant SG's, initial business address was the Defendant Andi Papa's house.

48. Thereafter, Defendants Andi Papa and Evis Kola transferred the assets of Defendant ROBO to Defendant SG, intending to defeat Plaintiff AGS' attempts to collect upon an inevitable judgement against the Defendants Andi Papa, Evis Kola, and/or Defendant ROBO.

49. Upon information and belief, Defendant SG is not a properly organized limited liability company but instead is a mere instrumentality of Defendant ROBO.

50. By March 1, 2023, Michigan corporate records indicated that Defendant ROBO was no longer an active company in good standing, evidencing the Defendants Andi Papa's and Evis Kola's intent to abandon Defendant ROBO as a shell entity.

51. In furtherance of the scheme, Defendant ROBO's website as well as the product catalog previously used by Defendant ROBO (i.e. the '520 copyright), were relabeled as "Square Group" documents, containing the same stolen copyright designs taken from AGS, subject to a pending copyright infringement lawsuit in Case No. 2:21-cv-10221-TGB-APP.

52. Defendants Andi Papa's and Evis Kola's control over Defendant SG is so complete that the company has no separate mind, will, or existence of its own, but instead serves and the continuation of the Defendant ROBO.

53. Defendants Andi Papa's and Evis Kola's control over Defendant SG was exercised and is being exercised in such a manner as to commit fraud and an illegal act against Plaintiff AGS.

54. Plaintiff AGS has suffered and will continue to suffer an injury or unjust loss as a result of Defendant Andi Papa's and Evis Kola's control over Defendant SG as described herein.

55. Defendant SG is a mere alter ego of the Defendants Andi Papa and Evis Kola.

56.  Defendants Andi Papa and Evis Kola continue to exercise control over Defendant SG in a manner intended to commit fraud upon AGS, as a creditor.

57.  Defendants Andi Papa's and Evis Kola's control over Defendant SG is so complete that the company is and continues to be a mere alter ego of the Defendants Andi Papa and Evis Kola.

57. For the reasons above, this honorable Court should enter judgment holding that Defendant SG is a sham entity and the alter ego of Defendants Andi Papa and Evis Kola, and thus equally liable to AGS for damages caused by the Defendants Andi Papa and Evis Kola.

58. Further, AGS respectfully requests that this honorable Court impose a constructive trust over Defendant SG and appoint a receiver to prevent further fraudulent conduct by the Defendants ROBO, Andi Papa and Evis Kola.

59. Defendant SG engages in direct competition with Plaintiff AGS and was created by Defendants Evis Kola and Andi Papa, through Defendant Genc Kola, to transfer assets of Defendant ROBO to Defendant SG to avoid the impact of August 22, 2022 partial summary judgment ruling in Case No. 2:21-cv-10221-TGB-APP.

60. On information and belief, Defendant SG is engaged in the acquisition, distribution and sale of products improperly and unlawfully incorporating or otherwise trafficking in interstate commerce the pre-existing and prior AGS copyrighted material, designs, and rights, including the material embodied in the '520 copyright, without the consent, license, or permission of AGS.

61. On information and belief, Defendant SG, through Defendants Evis Kola, Genc Kola, and/or Andi Papa, unlawfully copied, misappropriated, took, and transferred the pre-existing and prior AGS design, including the material embodied in the '520 copyright, for use by Defendant SG.

62. At all times relevant hereto, Plaintiff AGS has been and is still the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, create derivative works from, or license the reproduction, distribution, and/or display of certain designs, and technical drawings authored and created by AGS, including the material embodied in the '520 copyright, without the consent, permission, or license of AGS.

63. Plaintiff AGS is a manufacturer and distributor of steel fencing supplied to industrial plants and manufacturing facilities where robotic equipment is used in the production of automobile and other parts.

64. AGS has designed and developed designs and drawings for the production of its steel fencing products which function to protect workers in

manufacturing environments to separate factory and manufacturing personnel from the robotic equipment to promote workplace safety.

65.  On information and belief, in 2017, when both Defendants Evis Kola and Andi Papa were employees of AGS, they authored the work entitled: "Steel Guard Company, LLC Catalog" which is now registered before the U.S. Copyright Office as the '520 copyright registration.

66.  On information and belief, the "Steel Guard Company, LLC Catalog" is a copy and/or derivative work of the prior "Automation Guarding Systems Product Catalog" which had previously existed since 2009.

67.   At all times relevant hereto in 2017, each of Defendants Evis Kola and Andi Papa were employees of AGS.

68.  Under 17 U.S.C. §101, a work made for hire is defined as "[a] work prepared by an employee within the scope of his or her employment."

69.  On information and belief, any content authored by Defendants Evis Kola and Andi Papa in 2017 relating to the '520 copyright was owned by Plaintiff AGS by operation of law under at least 17 U.S.C. §§101, 201 of the U.S. Copyright Act.

70.  On information and belief, all such authorship rights relating to Defendants Evis Kola and Andi Papa in 2017 vested in Plaintiff AGS upon creation in 2017 based upon their respective employment relationship and status with AGS.

## COUNT I

## Federal Copyright Infringement In Violation of 17 U.S.C. §501 As To Defendants ROBO, SG, Evis Kola, Genc Kola, And Andi Papa

71.  AGS hereby incorporates by reference the allegations contained in the previous paragraphs 1-70 as though fully set forth herein.

72.  At all times relevant hereto, AGS is, and has been, the copyright owner of exclusive rights under the Copyright Act with respect to the 2-dimensional designs and technical drawings corresponding to the '520 copyright by operation of law under the U.S. Copyright Act since its creation by AGS employees, Defendants Evis Kola and Andi Papa, in 2017, which are fixed in a tangible medium.

73.  Additionally, the '520 copyright was duly issued by the U.S. Copyright Office ("the Copyrighted Work").

74.  Among the exclusive rights granted to AGS under the Copyright Act is/are the exclusive right to reproduce the Copyrighted Work, prepare derivative works, and to distribute and display the Copyrighted Work to the public.

75.  AGS is informed and believes that Defendants SG, Evis Kola, Genc Kola, and Andi Papa, without the permission or consent of AGS, has used, and continues to use the Copyrighted Work by reproducing, selling, and distributing copies of the Copyrighted Work and especially including an impermissible derivative work more commonly known as the Square Group Catalog.

76.  By virtue of these actions, Defendants SG, Evis Kola, Genc Kola, and Andi Papa have violated, and continues to violate and infringe, AGS' exclusive rights set forth in the U.S. Copyright Act and engaged in actionable copyright infringement within the meaning of at least 17 U.S.C. § 501.

77.  The actions of Defendants SG, Evis Kola, Genc Kola, and Andi Papa constitute infringement of AGS' Copyrighted Work and exclusive rights under 17 U.S.C. § 101 et seq., including 17 U.S.C. § 106.

78.  AGS is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of AGS, especially where Defendants Evis Kola and Andi Papa are former employees of AGS who used the '520 copyright material to form the competing business, Defendant SG, through Defendant Genc Kola.

79.  As a result of the conduct and infringement of the AGS Copyrighted Work and exclusive rights by Defendants SG, Evis Kola, Genc Kola, and Andi Papa under copyright law, AGS is entitled to an election of statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement and/or willful infringement of the Copyrighted Work and/or actual damages sustained by the Plaintiff as well as other remedies allowed by the U.S. Copyright Act.  AGS is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

80.  The conduct of Defendants SG, Evis Kola, Genc Kola, and Andi Papa has caused, is causing and, unless enjoined and restrained by this Court, will continue to cause AGS great and irreparable injury that cannot fully be compensated or measured in money.  AGS has no adequate remedy at law.

81.  The actions of Defendants SG, Evis Kola, Genc Kola, and Andi Papa are a direct and/or inducement of infringement are and have been knowing and willful.

82.  By this unlawful exploitation of the AGS Copyrighted Work, Defendants SG, Evis Kola, Genc Kola, and Andi Papa have has violated one or more of AGS' exclusive rights under at least 17 U.S.C. § 106.

83. Defendants SG, Evis Kola, Genc Kola, and Andi Papa have realized unjust profits, gains, and advantages as a proximate result of their infringing and/or unauthorized acts.

84.  Defendants SG, Evis Kola, Genc Kola, and Andi Papa will continue to realize unjust profits, gains, and advantages as a proximate result of the infringement as long as such infringement is permitted to continue.

85.  AGS is entitled to seek, at their election, either actual damages or statutory damages as set forth in the U.S. Copyright Act, 17 U.S.C. §101 et seq.

86. As a direct and proximate result of the Defendants' direct and indirect willful copyright infringement, AGS has suffered, and will continue to suffer, monetary loss, damage, and diminution of its rights under the U.S. Copyright Act.

87. AGS is entitled to recover from Defendants SG, Evis Kola, Genc Kola, and Andi Papa, in amounts to be determined at trial, the damages sustained and will sustain, and any gains, profits, and advantages obtained by Defendants SG, Evis Kola, Genc Kola, and Andi Papa as a result of the acts of infringement the Copyrighted Work, as well as other violations of the U.S. Copyright Act, 17 U.S.C. §101 et seq.

## COUNT II

### Violation OF UFTA – Voidable Transfers From Defendant ROBO To Defendants SG, Evis Kola, Genc Kola, And Andi Papa

88. AGS hereby incorporates by reference the allegations contained in the previous paragraphs 1-87.

89. This claim arises under the Michigan Uniform Voidable Transactions Act (MCL §566.31 et seq.) (hereinafter "UFTA").

90. On information and belief, by virtue of the creation, management, and operation of Defendant ROBO from its formation on August 3, 2017 to the present, Defendant ROBO fraudulently conveyed and transferred for value certain property, assets, equipment, negotiable financial instruments, checks, machinery, payment streams, product data, technical specifications, and/or cash in U.S. currency to the benefit of the accounts, benefit, business, and operations

of Defendants SG, Evis Kola, Genc Kola, and Andi Papa.

91. Specifically, checks, payments, physical equipment and assets. and other negotiable instruments either payable to Defendant ROBO for customer orders and third party sales payable to Defendant ROBO where conveyed and transferred to Defendants SG, Evis Kola, Genc Kola, and/or Andi Papa, as an affiliate and/or related company of Defendant ROBO for the purchase of equipment, leaseholds, leasehold improvements, machinery, office equipment, and product which would then be sold and/or used for the benefit and retention of Defendants SG, Evis Kola, Genc Kola, and/or Andi Papa with the intent of depleting such assets and or valuable materials from Defendant ROBO prior to its current status of not in good standing with the State of Michigan.

92. By example but without limitation, these acts of fraudulent transfer and conveyance from Defendant ROBO to Defendants SG, Evis Kola, Genc Kola, and/or Andi Papa, were transfers of value and/or done with the intent to defraud the creditors of Defendant ROBO, including AGS and its status as a Plaintiff in Case No. 21-cv-10221 by competing and perfecting the transfers to the detriment of Defendant ROBO after the U.S. District Court for the Eastern District of Michigan granted Plaintiff AGS partial summary

judgment in Case No. 21-cv-10221 on August 22, 2022, including the very formation of Defendant SG just one week later on August 29, 2022.

93. Through their actions as described within this complaint, Defendant ROBO fraudulently conveyed and transferred for value and with intent to defraud assets, rights, and both tangible and intangible property from Defendant ROBO to Defendants SG, Evis Kola, Genc Kola, and/or Andi Papa as acts of conduct that constitutes causes of action against them and their companies under UFTA.

94. Through their actions as described within this complaint, Defendants' concealment prevented Plaintiff from discovering its causes of action against the Defendants and their companies.

95. Defendants intended for Plaintiff to rely upon their misrepresentations when they were concealing their fraudulent conveyance and/or unlawful transfers by their companies, including Defendant ROBO and Defendant SG.

96. Plaintiff did rely upon the information entered into its business records by the Defendants.

97. MCL 566.31-566.45, more commonly known as the Michigan Uniform Voidable Transactions Act provides rights and remedies for the Defendants' actions as described within this complaint.

98. Wherefore, for the reasons set forth herein, to the extent that any of the Defendants assert that any claim within Plaintiff's complaint is barred by any statute of limitations, Plaintiff respectfully requests that this honorable Court apply MCL 600.5855 and deny such defense as meritless, awarding Plaintiff attorney's fees and costs for defeating such defenses.

## COUNT III

**Violation OF UFTA – Voidable Transfers From Defendants Evis Kola And Defendant Andi Papa To Defendant SG And Defendant Genc Kola**

99. AGS hereby incorporates by reference the allegations contained in the previous paragraphs 1-98.

100. This claim arises under the Michigan Uniform Voidable Transactions Act (MCL §566.31 et seq.) (hereinafter "UFTA").

101. On information and belief, by virtue of the creation, management, and operation of Defendant ROBO from its formation on August 3, 2017 to the present, Defendants Evis Kola and Andi Papa, through Defendant ROBO, fraudulently conveyed and transferred for value certain property, assets, equipment, negotiable financial instruments, checks, machinery, payment streams, product data, technical specifications, and/or cash in U.S. currency to the benefit of the accounts, benefit, business, and operations of Defendants SG and Genc Kola.

102. Specifically, checks, payments, physical equipment and assets. and other
negotiable instruments either payable to Defendant ROBO for customer
orders and third party sales payable to Defendant ROBO where conveyed
and transferred by Defendants Evis Kola and Andi Papa to Defendants SG
and Genc Kola for use by Defendant SG, as an affiliate and/or related
company of Defendants Evis Kola, Andi Papa, and/or ROBO for the
purchase of equipment, leaseholds, leasehold improvements, machinery,
office equipment, and product which would then be sold and/or used for the
benefit and retention of Defendants SG and Genc Kola, and/or Andi Papa
with the intent of depleting such assets and or valuable materials from
Defendant ROBO prior to its current status of not in good standing with the
State of Michigan.

103. By example but without limitation, these acts of fraudulent transfer and
conveyance from Defendants Evis Kola and Andi Papa to Defendants SG,
Evis Kola, Genc Kola, and/or Andi Papa, were transfers of value and/or
done with the intent to defraud the creditors of Defendant Evis Kola, Andi
Papa, and ROBO, including AGS and its status as a Plaintiff in Case No.
21-cv-10221 by competing and perfecting the transfers to the detriment of
Defendant ROBO by competing and perfecting the transfers to the

detriment of Defendant ROBO after the U.S. District Court for the Eastern District of Michigan granted Plaintiff AGS partial summary judgment in Case No. 21-cv-10221 on August 22, 2022, including the very formation of Defendant SG just one week later on August 29, 2022.

104. Through their actions as described within this complaint, Defendants Evis Kola, Andi Papa, and ROBO fraudulently conveyed and transferred for value and with intent to defraud assets, rights, and both tangible and intangible property from Defendant ROBO to Defendants SG, Evis Kola, Genc Kola, and/or Andi Papa as acts of conduct that constitutes causes of action against them and their companies under UFTA.

105. Through their actions as described within this complaint, Defendants' concealment prevented Plaintiff from discovering its causes of action against the Defendants and their companies.

106. Defendants intended for Plaintiff to rely upon their misrepresentations when they were concealing their fraudulent conveyance and/or unlawful transfers by their companies, including Defendant ROBO and Defendant SG.

107. Plaintiff did rely upon the information entered into its business records by the Defendants.

108. MCL 566.31-566.45, more commonly known as the Michigan Uniform Voidable Transactions Act, provides rights and remedies for the Defendants' actions as described within this complaint.

109. Wherefore, for the reasons set forth herein, to the extent that any of the Defendants assert that any claim within Plaintiff's complaint is barred by any statute of limitations, Plaintiff respectfully requests that this honorable Court apply MCL 600.5855 and deny such defense as meritless, awarding Plaintiff attorney's fees and costs for defeating such defenses.

## COUNT IV
### Violation OF UFTA – Voidable Transfers From Defendant Evis Kola To Defendant Sarah Kola

110. AGS hereby incorporates by reference the allegations contained in the previous paragraphs 1-109.

111. This claim arises under the Michigan Uniform Voidable Transactions Act (MCL §566.31 et seq.) (hereinafter "UFTA").

112. On information and belief, after the U.S. District Court for the Eastern District of Michigan granted Plaintiff AGS partial summary judgment against Defendant Evis Kola in Case No. 21-cv-10221 on August 22, 2022, Defendant Evis Kola engaged in violations of UFTA by completing and perfecting transfers of certain real property and real estate located within this judicial district to her daughter, Defendant Sarah Kola.

113. Specifically, as shown at Exhibit C hereto, Defendant Evis Kola conveyed and transferred certain title, rights, and assets relating to real property situated within this judicial district, including property more commonly known as 7175 Reber Drive in Shelby Township, Michigan 48317 to Defendant Sarah Kola in violation of UFTA with the intent of depleting such assets and or valuable materials from Defendant Evis Kola to avoid her status as being under the grant of partial summary judgment in Case No. 21-cv-10221.

114. By example but without limitation, these acts of fraudulent transfer and conveyance from Defendant Evis Kola to Defendant Sarah Kola were transfers of value and/or done with the intent to defraud the creditors of Defendant Evis Kola, including AGS and its status as a Plaintiff in Case No. 21-cv-10221 by competing and perfecting the transfers of certain real property by deed to Defendant Sarah Kola to the detriment of AGS.

115. Through their actions as described within this complaint and shown at Exhibit C hereto, Defendant Evis Kola fraudulently conveyed and transferred for value and with intent to defraud assets, rights, and both tangible and intangible property to at least Defendant Sarah Kola as acts of

conduct that constitutes causes of action against them and their companies under UFTA.

116. Through their actions as described within this complaint, Defendant Evis Kola's concealment prevented Plaintiff from discovering its causes of action against Defendant Evis Kola.

117. Defendant Evis Kola intended for Plaintiff to rely upon her misrepresentations and transfers to Defendant Sarah Kola when concealing the fraudulent conveyance and/or unlawful transfers by Defendant Evis Kola of the property discussed herein to Defendant Sarah Kola.

118. MCL 566.31-566.45, more commonly known as the Michigan Uniform Voidable Transactions Act provides rights and remedies for the actions of Defendant Evis Kola described within this complaint.

119. Wherefore, for the reasons set forth herein, to the extent that any of the Defendants assert that any claim within Plaintiff's complaint is barred by any statute of limitations, Plaintiff respectfully requests that this honorable Court apply MCL 600.5855 and deny such defense as meritless, awarding Plaintiff attorney's fees and costs for defeating such defenses.

**COUNT V**
**Violation OF UFTA – Voidable Transfers From Defendant Andi Papa**
**To Defendant Alsenja Papa**

120.  AGS hereby incorporates by reference the allegations contained in the previous paragraphs 1-119.

121.  This claim arises under the Michigan Uniform Voidable Transactions Act (MCL §566.31 et seq.) (hereinafter "UFTA").

122. On information and belief, after the U.S. District Court for the Eastern District of Michigan granted Plaintiff AGS partial summary judgment against Defendant Andi Papa in Case No. 21-cv-10221 on August 22, 2022, Defendant Andi Papa engaged in violations of UFTA by completing and perfecting transfers of certain real property and real estate located within this judicial district to his spouse, Defendant Alsenja Papa.

123. Specifically, as shown at Exhibit D hereto, Defendant Andi Papa conveyed and transferred certain title, rights, and assets relating to real property situated within this judicial district, including property more commonly known as 5863 Juliann Court in Washington, Michigan 48094 to Defendant Alsenja Papa in violation of UFTA with the intent of depleting such assets and or valuable materials from Defendant Andi Papa to avoid hir status as being under the grant of patrial summary judgment in Case No. 21-cv-10221.

124. By example but without limitation, these acts of fraudulent transfer and conveyance from Defendant Andi Papa to Defendant Alsenja Papa were

transfers of value and/or done with the intent to defraud the creditors of Defendant Andi Papa, including AGS and its status as a Plaintiff in Case No. 21-cv-10221 by competing and perfecting the transfers of certain real property by deed to Defendant Alsenja Papa to the detriment of AGS.

125. Through their actions as described within this complaint and shown at Exhibit D hereto, Defendant Andi Papa fraudulently conveyed and transferred for value and with intent to defraud assets, rights, and both tangible and intangible property to at least Defendant Alsenja Papa as acts of conduct that constitutes causes of action against them and their companies under UFTA.

126. Through their actions as described within this complaint, Defendant Andi Papa's concealment prevented Plaintiff from discovering its causes of action against Defendant Andi Papa.

127. Defendant Andi Papa intended for Plaintiff to rely upon his misrepresentations and transfers to Defendant Alsenja Papa when concealing the fraudulent conveyance and/or unlawful transfers by Defendant Andi Papa of the property discussed herein to Defendant Alsenja Papa.

128. MCL 566.31-566.45, more commonly known as the Michigan Uniform Voidable Transactions Act provides rights and remedies for the actions of Defendant Andi Papa described within this complaint.

129. Wherefore, for the reasons set forth herein, to the extent that any of the Defendants assert that any claim within Plaintiff's complaint is barred by any statute of limitations, Plaintiff respectfully requests that this honorable Court apply MCL 600.5855 and deny such defense as meritless, awarding Plaintiff attorney's fees and costs for defeating such defenses.

## PRAYER FOR RELIEF

AGS prays for relief against each and every one of the Defendants as follows:

a. That Defendant SG, Evis Kola, Genc Kola, and Andi Papa, and their respective servants, agents, employees, and all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

    i. using in any manner, on, or in connection with any of the Defendants' manufacturing, dissemination and/or distribution of products which copy, depict, or simulate any aspect of the AGS Copyrighted Work, or any designs, technical drawings, or other

works of the visual arts that are identical or substantially similar thereto; and

ii.  using in any manner, on, or in connection with any of the Defendants' manufacturing, distribution, dissemination, or sale of its products in any manner or representation that is likely to cause confusion, deception, or mistake or that dilutes or is likely to dilute the distinctive quality thereof;

b.  That Defendant SG be ordered to disclose all information and records in its possession, custody and control identifying the source of supply of the its products and Defendants disclose all information and records in its possession, custody and control identifying the customers to whom Defendants distributed and/or sold its products both before and after the formation of Defendant SG;

c.  That AGS recover all damages sustained as a result of the Defendants' unlawful activities and that said damages be trebled for willful infringement pursuant to all relief and remedies allowed by the U.S. Copyright Act, 17 U.S.C. §101 et seq.;

d.  That an accounting be directed to determine the Defendants' profits resulting from their and their affiliates' unlawful activities and that such

profits be paid over to AGS, increased as this Court finds to be just under the circumstances of this case;

e. That Plaintiff AGS recover its reasonable attorneys' fees and costs under 17 U.S.C. §505;

f. That AGS be awarded punitive and/or damages and its costs of this action, together with prejudgment and post-judgment interest under the U.S. Copyright Act;

g. That the Defendants be ordered to deliver to AGS for destruction all labels, signs, prints, packages, wrappers, receptacles, marketing materials, and products that bear marks identical and/or confusingly similar to the AGS Copyrighted Work or that result in any unfair competition by the Defendants against AGS;

h. That Defendant SG be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of their compliance with the requested injunctive and mandatory relief above;

i. That Defendants Evis Kola and Andi Papa be ordered to immediately assign and transfer the SGC '520 Copyright to Plaintiff AGS based upon its existence created during the term of their employment with AGS and/or its status a derivative work of the prior Automation

Guarding Systems Product Catalog, which was not disclosed to the U.S. Copyright Office; and

j.  That Plaintiff be awarded all relief and remedies afforded under UFTA relating to Counts II – V pled herein; and

k.  That Plaintiff AGS recover such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

AGS demands a trial by jury of all issues so triable.

Dated: October 16, 2023

*/s/ Jefftey P. Thennisch/*
**Jeffrey P. Thennisch (P51499)**
Thennisch Law Group PC
7111 Dixie Highway #210
Clarkston, MI  48346
(810) 610-5640
jeff@musicrightslaw.com
*Attorneys for Plaintiff*